IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUESTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, 2400 Research Boulevard, Suite 500, Rockville, MD 20850, <br><br>      Plaintiffs, <br><br> v. <br><br> DISTRIBUTED ENERGY ELECTRIC, LLC, a New York limited liability company, 2323 State Route 149, Fort Ann, NY 12827, <br><br>      Defendant. | Civil Action No. 8:22-cv-2160 |

## COMPLAINT

1. This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund ("NEBF"), to collect delinquent contributions owed to NEBF by Defendant Distributed Energy Electric, LLC, an employer that is obligated to contribute to NEBF pursuant to the provisions of its collective bargaining agreements and NEBF plan documents.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). Plaintiffs are fiduciaries to NEBF, and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145. Venue is proper because NEBF is administered within this district. ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

1

3.      This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

**PARTIES**

4.      NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA").  Employers agree to participate in NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. The address of NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland, 20850-3238.

5.      Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to NEBF and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Upon information and belief, Defendant is a New York limited liability company whose business address and main place of business is 2323 State Route 149, Fort Ann, New York 12827.

**STATEMENT OF CLAIM**

6.      Defendant is a signatory and has been a signatory continuously during all relevant periods to collective bargaining agreements ("Collective Bargaining Agreements") with the IBEW Local Union 236 as the collective bargaining representatives of Defendant's employees.  Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit

contributions to NEBF on behalf of the employees covered by the Collective Bargaining Agreements during all relevant times.

7. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund ("NEBF Trust Agreement"), which has governed the administration of NEBF at all times relevant to this action.

8. Notwithstanding its obligations pursuant to the Collective Bargaining Agreement and the NEBF Trust Agreement, Defendant has been delinquent in making contributions to NEBF on behalf of its employees covered by the Collective Bargaining Agreement.

9. According to reports prepared by Defendant and submitted to NEBF's local collection agent, Defendant failed to pay the NEBF at least $12,482.01 in contributions for work performed during the period December 2019 to March 2020.

10. NEBF and its counsel made several demands for payment of the amounts due, but Defendant failed to satisfy its contractual obligations.

11. Interest on the aforementioned delinquent contributions is $3,600.48.

12. Liquidated damages on the aforementioned delinquent contributions are equal to $2,496.40.

13. Despite Defendant's breaches of its obligations, NEBF's Trustees will be required to provide benefits to NEBF participants employed by Defendant upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute.  This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

14. Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents.  29 U.S.C. § 1145.

15. Section 502(g)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action.  29 U.S.C. § 1132(a)(3).

16. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to unpaid contributions, interest thereupon, liquidated damages, attorneys' fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

17. The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions.  In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment includes:

**(a)** an order that Defendant pay **$12,482.01**, which represents unpaid contributions due to NEBF for the periods of contributions for work performed between December 2019 and March 2020;

(b) interest on the unpaid contributions calculated from the date due until the date paid at the rate of 10% per annum;

(c) liquidated damages on the unpaid contributions in the amount of **$2,496.40**;

(d) an award of all reasonable attorneys' fees and costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

Dated:  August 26, 2022

*/s/  Jennifer Bush Hawkins*
Jennifer Bush Hawkins (13064)
POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
900 7th Street NW, Suite 1020
Washington, DC 20001
Phone: 202-223-0888
jhawkins@phk-law.com

*Attorney for Plaintiffs*
*Trustees of the National Electrical Benefit Fund*